UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE SHANAHAN, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CARGUARD ADMINISTRATION, INC, a Kansas corporation, SING FOR SERVICE LLC, d/b/a MEPCO, an Illinois liability company,<br><br>Defendants. | § <br>§ <br>§ Case No. 8:21-cv-00010<br>§<br>§ Hon. Hon. Brian C. Buescher<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT, SING FOR SERVICE, LLC D/B/A MEPCO'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

Shanahan's Complaint against Mepco <u>does not allege a single specific fact against Mepco.</u> Rather, Shanahan has done nothing more than paraphrase the relevant legal standards for the claim listed in the Complaint. Moreover, Mepco's name does not appear once in the cause of action of Shanahan's Complaint, which only generally recites the blanket legal conclusions against all of the "Defendants" without any distinction whatsoever. In fact, there are only five references to Mepco in the entire Complaint. These conclusory allegations have left Mepco (and the Court) with the task of speculating as to what supposedly wrongful conduct Shanahan believes is at issue with respect to Mepco.

For these reasons, Shanahan's lawsuit against Mepco falls far short of satisfying the pleading requirements of Fed. R. Civ. P. 8(a), as articulated in the United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S.

662 (2009). Accordingly, the Complaint should be dismissed against Mepco for failure to state a claim pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6).

## II.   MATERIAL FACTUAL ALLEGATIONS

Shanahan's Complaint asserts a claim against Mepco for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). In his Complaint, Shanahan alleges his lawsuit relates to a motor vehicle warranty he was solicited to purchase on October 23, 2020. (Doc. 1, p. 3). Shanahan claims he received a call from a cell phone number ending in 1146 that left "an artificial or prerecorded voice message." *Id.* at pp. 3. Shanahan further alleges Defendants are liable for calling him on this one occasion because he has been on the Do-Not-Call Registry since December 17, 2004. *Id.* at pp. 4. None of these factual allegations are specific to Mepco, but are rather made generically against the "Defendants."

## III.   LAW AND ARGUMENT

### A.   PLAINTIFF'S BURDEN OF PLEADING.

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Fed. R. Civ. P. 8(a)(2). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 570.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (emphasis added)(quoting *Twombly*, 550 U.S. at 555). "Nor does a claim suffice if it tenders 'naked assertion[s]' devoid of 'further factual

2

enhancement.'" *Id.* (emphasis added)(quoting *Twombly* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While a court must accept all well-pleaded factual allegations as true, it need <u>not</u> "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S Ct 2932 (1986)); *see also Iqbal*, 556 U.S. at 678.

**B.  SHANAHAN'S COMPLAINT FAILS TO MEET THE PLEADING REQUIREMENTS OF *IQBAL* AND *TWOMBLY* AND FED. R. CIV. P. 8(A).**

The allegations in Shanahan's Complaint plainly fall short of Fed. R. Civ. P. 8(a)'s pleadings standards as established in *Iqbal* and *Twombly*. A plaintiff cannot state a claim for relief by relying on conclusory legal allegations or by requiring the district court to make unwarranted inferential leaps based on "naked assertions" that are devoid of "further factual development." *See Iqbal*, 556 U.S. at 678-80; *Twombly*, 550 U.S. at 555–60. Shanahan's Complaint must be dismissed because that is precisely what he has done here.

*Iqbal* and *Twombly* set forth two fundamental principles for assessing the sufficiency of a pleading. First, a court considering a motion to dismiss should begin by determining whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, <u>do not suffice</u>." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555)(emphasis added). Thus, in *Iqbal*, the Supreme Court required dismissal of a complaint that merely alleged the defendants' involvement in the challenged conduct, without providing any factual context, details, or support for those conclusory allegations. *Id.* at 680.

Second, a plaintiff must meet a "plausibility standard" to survive a motion to dismiss. That is, a plaintiff must do more than demonstrate the "mere possibility of misconduct." *Id.* at 678. The

3

plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. "Where a complaint pleads fact that are 'merely consistent with' a defendant's liability, it 'stops short of a line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). In particular, complaints that require courts to fill factual gaps or make factual assumptions in order to establish the elements of a claim should be dismissed. *See Twombly*, 550 U.S. at 557–58.

### 1. Shanahan's Complaint makes no allegations against Mepco.

First and foremost, Shanahan's Complaint should be dismissed in its entirety as to Mepco under the pleading standards set forth above because it contains no allegations specifically related to Mepco. Shanahan's Complaint is a little over six pages long and contains forty-two assertion paragraphs prior to its prayer for relief. (Doc. 1). In all those pages and paragraphs, Mepco is mentioned by name exactly five times. *See id.* First, Mepco is mentioned in paragraph 1 of the Complaint to generally allege that it and Car Guard have an "illegal practice of making unauthorized calls that play prerecorded voice messages to the cellular telephones of consumer nationwide." (Doc. 1, p. 1). There is no other factual support for this assertion, nor does Shanahan specifically claim that Mepco made an unauthorized call to his number. Second, Mepco is named merely to identify it as the D/B/A for Sing for Service, an Illinois Limited Liability Company. *Id.* at pp. 2. Third, Mepco is named only to identity it as an Illinois company. *Id.* at pp. 2. Fourth, Shanahan claims that he called the number back which had left him a message "and was solicited for a vehicle service contract from Car Guard and Mepco." *Id.* at pp. 3. And Fifth, Shanahan alleges that "Plaintiff received a copy of Car Guard and Mepco's vehicle service contract." *Id.* at pp. 3. That is all. Nowhere in any of the other thirty-seven assertion paragraphs is a specific allegation made against Mepco. These five references do not even come close to meeting the Fed.

R. Civ. P. 8(a)(2) requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief."

Given that Shanahan failed to plead any specific allegations related to Mepco, the Court need not proceed any further in its analysis. However, as set forth below, the cause of action in Shanahan's Complaint is also separately subject to dismissal based on Shanahan's failure to plead the required elements as to Mepco.

### 2. Shanahan's Complaint fails to state a claim for violation of Section 227(b) of the TCPA.

The only specifically identified cause of action within Shanahan's Complaint, for violation of Section 227(b) of the TCPA, fails to state a claim. Section 227(b) of the TCPA makes it unlawful for any person to "make any call [with enumerated exceptions] using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call," or "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii), (B). To state a claim for violation of Section 227(b), a plaintiff must adequately allege, among other key details, the time, date, and number of calls allegedly received from or through each defendant. *See Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879-M, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017) ("Plaintiff has failed to state a claim upon which relief may be granted. The Amended Complaint does not provide sufficient factual allegations regarding the source, time, and frequency of the calls."); *see also Brenner v. American Educ. Servs.*, 702 F. Appx. 503, 504 (8th Cir. 2017) (holding that plaintiff must provide probative evidence that defendant "used an automatic telephone dialing system, or a prerecorded or artificial voice to make calls to his cell phone, an essential element of his claim" to survive summary judgment); *Golan v.*

5

*Veritas Entm't, LLC*, No. 4:14cv00069ERW, 2016 WL 880402, at *5 (E.D. Mo. Mar. 8, 2016) (holding that specific allegations of third party "review, editing, and approval of telemarketing scripts" were sufficient to detail to allege a violation of Section 227(b) under a vicarious liability theory).

In *TechStorm*, the plaintiff asserted violations of the TCPA against a defendant, who, in its motion to dismiss, argued that the plaintiff "fail[ed] to coherently specify the time, date, or even the number of calls he allegedly received," and that such imprecise allegations "deprive[d] [Defendant] of the fundamental right to fair notice and prejudice[d] its ability to prepare a defense." 2017 WL 721079, at *2. The defendant contended that because the plaintiff did not provide such key details, he made only speculative and conclusory allegations. *See id.* The court found the plaintiff failed to adequately state a claim on which relief could be granted because the amended complaint only alleged that "in 2015 and/or 2016" he received "one or more phone calls" to his cellphone made by an automatic telephone system, that "at least one message was left" accompanied by a "brief period of dead-air time" and "multiple playback errors," which indicated that the message was being made by an automatic telephone dialing system." *See id.* (dismissing complaint because it failed to provide sufficient factual allegations regarding the source, time, and frequency of the calls).

Similarly, here Shanahan has not detailed a single call from Mepco or provided any non-speculative basis for why he believes Mepco made or directed any of the allegedly violative phone calls at issue (Doc. 1). Instead, Shanahan's Complaint merely mentions Mepco five times, without detailing any connection with any alleged calls made to him or the basis for his allegation that the message left on his phone was from "an artificial or prerecorded voice." *Id.* at pp. 3. In fact, Shanahan's Complaint as whole is unclear as to who the call was placed by, whether the call was

6

attributable to one or more of the Defendants in this case, and whether the call was automated. (Doc. 1). Unlike in *Golan*, Shanahan's complaint fails to make a single detailed allegation as to Mepco's involvement in the single call Shanahan received. (Doc. 1); *see* 2016 WL 880402, at *5.

Accordingly, Shanahan's claim under Section 227(b) of the TCPA must be dismissed. *See Wass v. Amerigroup Texas, Inc.*, No. 4:20-CV-00445-BP, 2020 WL 4464361, at *4 (N.D. Tex. Aug. 3, 2020) (dismissing plaintiff's claim under Section 227(b) of the TCPA because he "must plead at least some relevant facts relating to the calls he claims to have received"); *Cunningham v. Politi*, No. 4:18-cv-00362, 2019 WL 2519702, at *7 (E.D. Tex. Apr. 26, 2019) (dismissing plaintiff's claim under Section 227(b) of the TCPA because he "fails to identify a single call directly made by [Defendant] or to provide any non-speculative basis for why he believes [the defendant] made or directed any of the allegedly violative phone calls . . . .") *report and recommendation adopted*, No. 4:18-cv-362, 2019 WL 2526536, at *1 (E.D. Tex. June 19, 2019); *TechStorm*, No. 3:16-CV-2879-M, 2017 WL 721079, at *2 (dismissing plaintiff's complaint because it failed to provide sufficient factual allegations regarding the source, time, and frequency of the alleged calls); *see also Brenner v. American Educ. Servs.*, No. 4:12CV1631HEA, 2017 WL 1281425, at * 3 (E.D. Mo. Apr. 6 2017) ("Although Plaintiff claims Defendant utilized an automated telephone dialing system to make calls in violation of the TCPA, the record is completely devoid of any evidence of such use," therefore granting summary judgment for defendant is appropriate.)

### 3. **Shanahan's Complaint fails to state a claim for vicarious liability under the TCPA.**

Beyond failing to allege that Mepco is directly liable for any calls to him (because Mepco never called him), Shanahan's Complaint also fails to plausibly allege that Mepco is vicariously liable for the calls at issue.

7

The Federal Communications Commission (FCC)'s declaratory ruling in *In re Dish Network* acknowledges the possibility of vicarious liability for TCPA violations under agency principles, including formal agency, apparent authority, and ratification. *See In re Dish Network, LLC*, 28 FCC Rcd. at 6584 ¶ 28 ("[W]e find that the seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles."). But broad, generalized allegations that lump defendants together are insufficient to give rise to an inference of an agency relationship. *Miller v. Merchants Credit Adjusters, Inc.*, No. 8:14CV359, 2015 WL 4205159, at *2 (D. Neb. July 10, 2015) ("[D]efendant could not be held liable for the TCPA violations of its third-party lead generators because there was no evidence that it exercised any control over the lead generator's manner and means of generating leads.") (citation omitted); *Cunningham v. Lifestyles Dev., LLC*, No. 419CV00006ALMCAN, 2019 WL 4282039, at *4 (E.D. Tex. Aug. 8, 2019), report and recommendation adopted, No. 4:19-CV-00006, 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019) ("Plaintiff must allege factual allegations regarding [defendant's] relationship with the purported agents/callers – broad, general allegations are not sufficient.") (citation omitted). A complaint that is "devoid of any facts showing that [a defendant] had control over any other defendant, agent, or caller" must be dismissed. *Cunningham*, 2019 WL 4282039, at *4. (dismissing the plaintiff's claim for vicarious liability under the TCPA because he "fail[ed] to connect [defendant] with any purported callers; instead, Plaintiff lump[ed] [all] defendants together, and generally assert[ed] that the calls were made on behalf of [the named defendants] without any further indication of how [the defendant] asserted control over any specific co-defendant, agent, or caller.").

### a. Shanahan has not alleged actual authority.

First, Shanahan has not alleged actual authority. "Actual authority is that which the principal expressly grants to the agent or that the principal consents to." *GGNSC Omaha Oak Grove, LLC v. Payich*, No. 4:12CV3040, 2012 WL 2021868, at * 6 (D. Neb. June 5, 2012) (citation omitted). The existence of an agency relationship may be established by showing "(1) the extent of control the alleged principal exercises over the details of the alleged agent's work; (2) whether the work is done with or without the supervision of the alleged principal; (3) whether payment is by the hour or by the job; (4) whether the work performed by the alleged agent is part of the regular business of the alleged principal; (5) whether the alleged principal is in the type of business performed by the alleged agent; and (6) whether the alleged agent is engaged in a distinct occupation or business." *In re Rine & Rine Auctioneers, Inc.*, 74 F.3d 854, 859 (8th Cir. 1996).

Shanahan's Complaint nowhere alleges any such control by Mepco here. There is not even a conclusory allegation in Shanahan's forty-two paragraph Complaint that the callers acted under Mepco's control. At most, Shanahan lumps Mepco together with the other Defendants to make the conclusory allegation "upon information and belief" that "Plaintiff received a call from Defendants and/or their agents", that "Plaintiff called Defendants back and was solicited for a vehicle service contract from Car Guard and Mepco," and that "Plaintiff received a copy of Car Guard and Mepco's vehicle service contract." (Doc. 1, p. 3).

This general, conclusory allegation is entirely insufficient to plausibly establish vicarious liability because it fails to allege any right by Mepco to control any marketing conduct. *See Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020) ("While an agency relationship can be created by contract, not all contractual relationships form an agency."); *Heski v. Shopify (USA) Inc.*, Case No. 19-cv-06858-HSG, 2020 WL 2474421, at *4 (N.D. Cal. May 13,

2020) ("In order to allege a traditional agency relationship, Plaintiff would have to allege Defendant controlled or had the right to control [the entity responsible for the text messages] and, more specifically, the manner and means of the text message campaign they conducted."); *Born v. Celtic Mktg. LLC*, 8:19-cv-01950-JLS-ADS, 2020 WL 3883273, at *4 (C.D. Cal. May 20, 2020) (dismissing plaintiff's TCPA claim after finding allegations attempting to attribute telemarketers' contacts with the forum to vehicle protection administrator defendants under agency theories insufficient for failure to show "the principal's right of control.")

### b. Shanahan has not plausibly alleged apparent authority.

Shanahan has similarly failed to plausibly allege apparent authority. "To state a claim based on apparent authority, a plaintiff must allege facts showing that the alleged principal affirmatively, intentionally, or by lack of ordinary care cause[d] third persons to act upon the apparent agency." *Lustgraff v. Behrens*, 619 F.3d 867, 882 (8th Cir. 2010) (citation omitted). "Apparent or ostensible authority or agency for which a principal may be liable must be traceable to him and cannot be established by the acts, declarations, or conduct of the agent." *Indemnity Ins. Co. of North America v. Lane Contracting Corp.*, 227 F. Supp. 143, 150-51 (D. Neb. 1964) (citation omitted). Further, "the apparent authority must cause the third person to act, or in other words, the third person must rely thereon." *Id.* at 150.

Here, Shanahan's Complaint fails to allege apparent authority. Specifically, there is no allegation that Mepco: (1) was ever named in any calls; (2) otherwise had any communications with Shanahan; or (3) based on any reference to Mepco in the product Shanahan voluntarily purchased, he reasonably believed the caller was Mepco's agent.

Accordingly, Shanahan has failed to establish apparent authority. *See Lifestyles*, No. 419CV00006ALMCAN, 2019 WL 4282039, at *4-*5 (finding plaintiff did not sufficiently plead

10

agency relationship, in part, as there is no allegation that "based on the references in the [contract], he reasonably believed the entities who called him were agents of [the alleged principal]."); *Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 17-cv-1216, 2018 WL 835222, at *5-7 (N.D. Ill. Feb. 13, 2018) (finding plaintiff did not sufficiently plead manifestations of authority when the telemarketers simply mentioned defendants' products on their phone calls).

### c. Shanahan has not plausibly alleged ratification by Mepco.

Finally, Shanahan has failed to plausibly allege ratification. "To find ratification, there must be a manifestation of assent that the act will affect the principal's legal relations or conduct that justifies a reasonable assumption that the [principal] so consents" *Lincoln Benefit Life v. Wilson*, 907 F.3d 1068, 1076 (8th Cir. 2018) (citation omitted). Here, Shanahan has failed to plead any factual allegations plausibly showing that Mepco knew of or consented to any allegedly wrongful acts undertaken by a caller, much less that Mepco took any action to actually ratify any other named defendants' supposed marketing conduct. Specifically, Shanahan fails to allege any facts about where, when, and how Mepco had alleged knowledge that any calls were being placed, much less that the calls were unwelcome.

### III. CONCLUSION

Simply put, Shanahan's Complaint does not contain sufficient facts regarding Mepco to state a claim for relief that is plausible on its face, and he cannot otherwise save his claims against Mepco by relying on the generic, "threadbare" legal conclusions that it has alleged against all "Defendants" without distinction. Thus, Shanahan's Complaint fails to satisfy Rule 8(a)'s pleading requirements as against Mepco and must be dismissed. For the foregoing reasons, Defendant SING for Service, LLC d/b/a Mepco respectfully requests that this Court dismiss Plaintiff's Complaint as to Defendant Mepco with prejudice.

Respectfully submitted this 22nd day of February, 2021.

>SING FOR SERVICE, LLC, an Illinois limited liability company, d/b/a MEPCO, Defendant
>
>By: */s/ Andrew R. Biehl*
> Andrew R. Biehl #25050
> WALENTINE O'TOOLE, LLP
> 11240 Davenport Street
> Omaha NE 68154-0125
> (402) 330-6300
> (402) 330-6303 fax
> abiehl@walentineotoole.com
> Attorneys for Sing for Service, LLC dba MEPCO

**CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Neb. Civ. R. 7.1(d)(1)(A) because this brief contains 3,510 words, as calculated by the word-court function of Counsel's word processing software, Microsoft Word, including all text, including the caption, headings, footnotes and quotations.

>SING FOR SERVICE, LLC, an Illinois limited liability company, d/b/a MEPCO, Defendant
>
>By: */s/ Andrew R. Biehl*
> Andrew R. Biehl #25050
> WALENTINE O'TOOLE, LLP
> 11240 Davenport Street
> Omaha NE 68154-0125
> (402) 330-6300
> (402) 330-6303 fax
> abiehl@walentineotoole.com
> Attorneys for Sing for Service, LLC dba MEPCO

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 22, 2021 I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system of the Court which sent notification electronically of such to all CM/ECF participants.

I further certify that on February 22, 2021, I mailed by United States mail, first class, postage prepaid, the non-CM/ECF participants:

None

*/s/ Andrew R. Biehl*